THOMAS HERBERT AND WILLIAM COOK v. THE MAYOR AND COUNCIL OF THE CITY OF BAYONNE.

Submitted March 20, 1899—Decided June 12, 1899.

1. The right to construct and operate, and forever to repair, renew and maintain a trunk sewer through land is an estate in the land.
2. Under the Sewer act of March 8th, 1882 (*Gen. Stat*, p. 605), in proceedings for the construction of a sewer, a preliminary assessment of the cost of the sewer is not required.
3. The said act and its supplements authorize the construction of a main or trunk sewer.
4. Where the bed of a tidal creek has, by grant from the state, become private property and its mouth has been closed so as to destroy its utility, a public sewer may lawfully be constructed across its course if the private owner consents.
5. Under the above-mentioned act a public sewer may be constructed through the land of a corporation, at least if the corporation consents.

On *certiorari* to review an ordinance of the common council of Bayonne.

Before Justices DIXON and LUDLOW.

For the prosecutors, *William W. Anderson.*

For the defendants, *Allan Benny.*

The opinion of the court was delivered by

DIXON, J.  This *certiorari* brings up an ordinance passed on November 1st, 1898, by the council of Bayonne, for the construction of a sewer extending from Avenue C to the tidewater in Kill von Kull.

The grounds on which the prosecutors attack it will be considered in the order in which they are presented by the following reasons filed, viz.:

*First.* Because the alleged right of way for the construction of said sewer was secured before the adoption of the ordinance for the construction of said sewer.

*Second.* Because the alleged right of way secured by said

defendants from the Central Railroad of New Jersey and the Central New Jersey Land Improvement Company respectively, do not convey an estate in fee-simple or any less estate in the private lands through which it is proposed to construct said sewer.

*Third.* Because the ordinance for the construction of said sewer was not referred by said council to the commissioner of assessment for survey and preliminary map and assessment, as required by the sixty-second section of the charter of said city.

*Fourth.* Because the law of 1887, under which it is proposed to build this sewer, does not authorize the building of an outlet or main sewer, but only provides for the building of lateral sewers or drains.

*Fifth.* Because the line of the sewer is so drawn as to cross Platte Kill creek, an ancient and natural tidal creek, at three different points, which crossings ruin said creek for the purposes of drainage.

*Sixth.* Because the said ordinance and proceedings are in divers other respects illegal, unjust, oppressive and contrary to law.

The first reason rests on a misstatement of fact, for the conveyance of the right mentioned, though dated October 19th, 1898, was executed November 11th, 1898.

The second reason rests on a misapprehension of law. The conveyance for a valuable consideration grants to the mayor and council of the city of Bayonne and their successors the right to lay, construct and operate and forever to repair, renew and maintain a main or trunk sewer under and through the land of the grantor therein described. This is certainly an interest in land and is a freehold estate. 2 *Bl. Com.* 103.

The third reason is based on the idea that the proceedings are governed by the charter of the city of Bayonne, but, on the contrary, they were taken pursuant to "An act to authorize cities to construct sewers and drains and to provide for the payment of the cost thereof," approved March 8th, 1882 (*Gen. Stat., p.* 605), which, with its supplements, seems in-

tended to provide a complete system, independent of special laws. Under these statutes no preliminary assessment is required.

As to the fourth reason : There is, in the first subdivision of the second section of the act of 1882, an ambiguous reference to "any lateral sewer or drain," but this should not control the other plain provisions of the act, which are broad enough to authorize the construction of main or trunk sewers. The supplement of June 1st, 1886, expressly assumes that main sewers can be constructed by virtue of the act, and the supplement of May 7th, 1889, appears to indicate that the limitation to lateral sewers contained in the original act is a mistake.

The bed of the tidal creek, mentioned in the fifth reason, became private property by the grant of the state to the Central Railroad Company on December 17th, 1877, and the mouth of the creek has been filled up so as to exclude the tide. The creek does not appear to have any public utility as a stream of water, and the prosecutors are not shown to have any private interest in it. Hence the fact that the proposed sewer will cross its course several times cannot, in this proceeding, affect our judgment as to the legality of the ordinance.

Under the sixth reason the only objection suggested is that the statutes do not authorize the acquisition of the lands of corporations. In terms they authorize the acquisition of "any private lands," by which we understand, from the context, any land wherein the municipality has not a pre-existing right to build sewers and which is not already devoted to an inconsistent public use. Such is the land now in question. Even if it be true, as urged by the prosecutors, that adequate provision is not made by the act for notice to corporations in case condemnation proceedings are required, that need not and should not defeat the leading object of the legislation—the construction of sewers—when condemnation is unnecessary.

We find no sufficient ground for setting aside the ordinance, and it is affirmed, with costs.